IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TIFFANY CARTER,              )
as mother and next friend    )
of T.C., a minor,            )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )     2:23cv225-MHT
                             )         (WO)
ZAXBY'S RIVER REGION         )
PAYROLL, LLC,                )
                             )
    Defendant.               )
                             )
```

OPINION

This case concerns claims brought by plaintiff Tiffany Carter, as mother and next friend of T.C., her minor daughter, against T.C.'s former employer, defendant Zaxby's River Region Payroll, LLC. In her complaint in this court, Carter charges Zaxby's with both sex-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §§ 2000e *et seq.*, and with sex-based pay discrimination in violation of the Equal Pay Act of 1963, codified at 29 U.S.C. § 206. The court has jurisdiction

based on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights), 29 U.S.C. § 216(b) (Equal Pay Act), and 42 U.S.C. § 2000e-5(f)(3) (Title VII). Following mediation supervised by the Equal Employment Opportunity Commission, the parties reached a settlement agreement and submitted it to the court for its consideration and approval.

The court conducted a telephonic conference on May 10, 2023, regarding the parties' joint petition for *pro ami* hearing and settlement approval. The court has received under seal a copy of the proposed settlement agreement and release submitted and signed by the parties. The parties have agreed that the terms of the settlement agreement are to remain confidential.

Although the parties have advised the court that they have reached a fair settlement, the court assigns no weight to the same. Instead, the court has made an independent and disinterested evaluation of the issues and evidence, with a view toward determining whether the proposed settlement is fair and reasonable and whether

it is in the best interest of the minor child to approve such settlement of her claims.

The first issue for the court is whether to appoint a guardian *ad litem* for T.C.  The court agrees with the parties that, in the Eleventh Circuit, there is no need to appoint a guardian *ad litem* when, as here, a minor is represented by a parent and there is no conflict of interest.  *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001).

The next issue for the court is whether to hold an evidentiary hearing.  The parties agree that no hearing is necessary and have, instead, submitted to the court signed affidavits from Carter and from T.C., who is 17 years old and thus old enough to be heard by the court.  Both affidavits strongly support approval of the proposed settlement agreement.  The court agrees with the parties that a hearing is unnecessary and that these affidavits are sufficient for the court do determine whether the proposed settlement is fair and reasonable as to T.C.

Having spoken with the parties at the May 10 conference and reviewed the submitted affidavits--and with the terms of the proposed settlement agreement reflecting adequately the nature of the claims alleged, the duration of T.C.'s employment, and the legal rights to be released--the court finds that the terms of such agreement are fair, reasonable, and in T.C.'s best interests.  Also such agreement provides for the distribution of attorneys' fees, the amount of which the court has independently reviewed and finds to be reasonable and appropriate.  In determining whether a settlement is fair to a minor, the court must determine whether the requested attorney's fee, if it comes out of the settlement or was part of the negotiations for the amount the minor is to receive, is appropriate. *See S.P. v. Spinks*, No. 20cv995-MHT, 2022 WL 158660, at *3 (M.D. Ala. 2022). Accordingly, the court finds that the proposed settlement agreement should be approved, albeit subject to the following modification.

There is a typographical infelicity in the proposed settlement agreement: it expressly requires Zaxby's transmission of three checks but refers only to "[p]ayment ... made in the form of two (2) checks." Agreement (Doc. 13-3) at 5 (emphasis omitted). The court approves the settlement agreement provided that the quoted language above shall instead be understood to require "[p]ayment ... made in the form of *three (3) checks*" to agree with the three discrete payments enumerated in the agreement itself.

An appropriate judgment will be entered.

DONE, this the 19th day of May, 2023.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**